IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV380-1-MU

| | |
|---|---|
| CLEVELAND WESLEY HELLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus, filed November 27, 2007.

Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petitioner's petition must be accompanied by the applicable filing fee or a motion for leave to proceed in forma pauperis. Petitioner has not paid the filing fee. Nor has Petitioner filed a Motion for In Forma Pauperis status. As such, Petitioner has failed to comply with Rule 3 and his federal habeas petition is dismissed on that basis

Petitioner may elect to refile a complete federal habeas petition with the accompanying filing fee or with an in forma pauperis application. However, Petitioner is cautioned that should he elect to refile he should inform the Court as to why his federal habeas petition should be considered timely as it appears to this Court to be untimely.[1]

---

[1] Under the Antiterrorism and Effective Death Penalty Act a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**IT IS, THEREFORE, ORDERED** that Petitioner's federal habeas petition is **DISMISSED** <u>**without prejudice**</u>.

Signed: December 11, 2007

Graham C. Mullen
United States District Judge

---

However, the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2). Petitioner's judgment became final on or about January 5, 2006. Petitioner's limitation period then ran for 252 days until Petitioner filed his Motion for Appropriate Relief on September 15, 2006. Petitioner's limitation period was then tolled until the North Carolina Court of Appeals denied his writ of certiorari on December 29, 2006. His limitation period then expired 112 days later on or about April 21, 2007.